## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRE COLTON,                                )
                                             )
                    Petitioner,              )       Civil Action No. 2:07-282
                                             )
         v.                                  )
                                             )       Magistrate Judge Patricia L. Dodge
ROBERT SHANNON, *et al.*,                    )
                                             )
                    Respondents.             )

## <u>MEMORANDUM</u>

Pending before the Court[1] is a motion for relief from judgment (ECF 26) filed by state prisoner Andre Colton ("Petitioner"), which he purports to bring under Rule 60(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court will dismiss this motion for lack of jurisdiction and deny a certificate of appealability. The Court will also deny Petitioner's motion for appointment of counsel. (ECF 31.)

**I.    Relevant Background**

Petitioner is serving a life sentence imposed in October 1999 by the Court of Common Pleas of Allegheny County following his convictions of second degree murder, burglary and criminal conspiracy. He initiated this federal habeas case in 2007 by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF 1.) He raised many claims for relief, including one designated as "Claim V" in which he contended that the Commonwealth violated the rule of *Brady v. Maryland*, 373 U.S. 83 (1963) because it suppressed evidence that one of its witnesses, Kenneth

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have recently voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF 28, 30.)

Matthews, was the subject of a criminal prosecution. The magistrate judge to whom this case was referred recommended that the Court deny each of Petitioner's claims, including Claim V, which the magistrate judge determined failed on the merits. (ECF 14.) On June 4, 2007, the Court adopted the magistrate judge's Report and Recommendation as the Opinion of the Court, dismissed the petition and denied a certificate of appealability. (ECF 16.) On November 6, 2007, the United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability because it concluded that Petitioner "has not made a substantial showing of the denial of a constitutional right with regard to any of his claims." (ECF 24.)

In September 2022, more than fourteen years after this federal habeas cases concluded, Petitioner filed the pending motion for relief from judgment (ECF 26) which he purports to bring under Rule 60(b)(6), a supplement to that motion (ECF 29), and a motion to appoint him counsel (ECF 31.) He argues that the Court erred in denying Claim V, his *Brady* claim. He challenges the Court's legal analysis of that claim, and also faults the magistrate judge for issuing the Report and Recommendation before he filed his timely reply to Respondents' answer.

## II. Discussion

Because this is a federal habeas action, the Court must evaluate whether Petitioner's Rule 60(b) motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d

134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).[2]

Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has

divested district courts of jurisdiction over habeas applications that are second or successive. *See,*

*e.g.*, *Burton v. Stewart*, 549 U.S. 147 (2007). Petitioner cannot avoid AEDPA's second or

successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a

Rule 60(b) motion. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 11:42, Westlaw

(database updated May 2022) (a habeas petitioner "is not permitted to circumvent AEDPA's

second or successive petition requirements simply by labeling the petition or motion as something

other than what it is.").

 In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed

the circumstances in which the use of Rule 60(b) is "inconsistent with" AEDPA's second or

successive petition requirements and, as a consequence, is not available to a state prisoner seeking

habeas relief.[3] It explained that a Rule 60(b) motion must be construed as a "second or successive

habeas corpus application" when it advances one or more "claims." 545 U.S. at 531-32 (quoting

§ 2244(b)(1) and (2)). "In most cases," it observed, "determining whether a Rule 60(b) motion

advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add

a new ground for relief…will of course qualify." *Id.* The Supreme Court further instructed that a

---

[2] Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3)(C).

[3] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.* In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling that the district court made that precluded a merits determination of the habeas petition, *id.* at 532 n.4, or "challenges a defect in the integrity of the federal habeas proceedings," such as an argument that the opposing party committed fraud upon the court, *id.* at 532.

Here, Petitioner is not asserting any ground that would qualify his motion as a true Rule 60(b) motion. He is clearly advancing a habeas claim. That is, he is attempting to relitigate Claim V and is challenging the Court 2007 merits disposition of that claim. Therefore, Petitioner's "Rule 60(b)" motion must be construed as an unauthorized second or successive habeas. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack his judgment of sentence, this Court lacks jurisdiction to consider his claim. Accordingly, the Court will deny his motion for relief from judgment (ECF 26, 29) as well as his motion for appointment of counsel (ECF 31.)

## III.   Conclusion

Based on the foregoing, the Court will dismiss Petitioner's motions for relief from judgment (ECF 26, 29) and for appointment of counsel (ECF 31). Because jurists of reason would not find debatable the Court's disposition of his motion for relief from judgment, the Court will deny a certificate of appealability. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.


Date:  November 3, 2022                          /s/ Patricia L. Dodge
                                                 PATRICIA L. DODGE
                                                 United States Magistrate Judge